# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEVEN MARVIN SORKNESS
391 Music Road
Buena Vista, GA 31803,

                    Plaintiff,

                vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Justice
Serve: Mr. Jefferson Sessions, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Serve: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

US Department of Defense
Serve: Mr. James Mattis, Secretary
1400 Defense Pentagon
Washington, DC 20301-1400

Department of the Army
Serve: Mr. Ryan McCarthy, Acting Secretary of the
Army
101 Army Pentagon
Washington, DC 20310-0101

                    Defendant.

---

Plaintiff Steven Marvin Sorkness, by and through his undersigned attorneys, for

his complaint herein, alleges as follows:

## I.     **INTRODUCTION**

1.     This is an action for judicial review of an improper administrative denial of disability benefits by the United States Army to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II.     **JURISDICTION**

2.     Jurisdiction in this action is predicated upon 38 USC § 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III.     **VENUE & PARTIES**

3.     Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Army.   The President of the United States, seated in Washington D.C., as Commander in Chief of the United States Armed Forces directs the Department of Defense and United States Army under the authority of the Executive Branch. The United States Attorney's office traditionally represents the interests of United States in TSGLI cases, on behalf of the named executive and agency representatives.

## IV.     **FACTUAL ALLEGATIONS**

4.     All allegations contained in the previous paragraphs are incorporated herein by reference.

5.     The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment to service members injured as a result of a traumatic event.

6.     TSGLI coverage was added to SGLI policies effective December 1, 2005.  After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7.     In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8.     For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9.     The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10.     All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

11.     Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/Traumatic Brain Injury combined with another injury

12.     If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided.  In so doing, a medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

13.     Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

14.     TSGLI claims are to be awarded when the preponderance of evidence supports the service member's claim.

### a.     Plaintiff's Traumatic Injury and TSGLI Claim

15.     All allegations contained in the previous paragraphs are incorporated herein by reference.

16.     At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Army.

17.     Plaintiff sustained serious traumatic injuries in Georgia while on leave on June 18, 2009, when a vehicle struck him on his motorcycle causing him to be thrown off his bike and landing in a ditch.

18.     As a result of his combat injuries, Plaintiff sustained traumatic brain injury, trauma to his head, neck, and back, and right shoulder.  Plaintiff required surgical repair to address. As a result of his injuries, Plaintiff was reasonably prevented from safely performing

several activities of daily living (ADLs) including bathing and dressing between June 18, 2009 and March 9, 2010 (*a period of 265 days*). During that period, Plaintiff received assistance from his two friends, who took a leave of absence to help Plaintiff, and who provided caregiver statements in support of Plaintiff's claim.

### b.    Certification by a Medical Professional

19.    All allegations contained in the previous paragraphs are incorporated herein by reference.

20.    Plaintiff's claim for an inability to independently complete his ADLs of bathing and dressing between June 18, 2009 to March 9, 2010 - a period of over 120 days – has been certified by Dr. Dennis Hopkins through a signed Part B form, qualifying Plaintiff for TSGLI benefits for 120 days ADL loss.

21.    On or about October 30, 2012, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins, and other pertinent medical and documentary evidence.

### c.    Caregiver Statements – Belinda Bodie & Paul Schefield

22.    All allegations contained in the previous paragraphs are incorporated herein by reference.

23.    In addition to the other information supplied to Defendant during the Plaintiff's application for TSGLI benefits and during the appeal process, Plaintiff provided two caregiver statements provided by Plaintiff's caregivers, which explained the physical assistance Plaintiff needed while recovering from his traumatic injury. Those caregivers provided assistance to Plaintiff between June 18, 2009 and March 9, 2010. Defendant has effectively disregarded these caregiver statements in denying Plaintiff's claim.

### d.   Denial of Claim and Exhaustion of Administrative Appeals

24.   All allegations contained in the previous paragraphs are incorporated herein by reference.

25.   Plaintiff has received four separate denials of his TSGLI claim by Defendant during the application and years-long administrative agency review process.

26.   In a letter from Defendant dated February 6, 2013 in response to Plaintiff's application for TSGLI benefits, Plaintiff's claim was denied on the basis that, "Your claim for inability to perform activities of daily living (ADLs) due to traumatic injury (other than traumatic brain injury) was not approved because your loss did not meet the standards for TSGLI."

27.   Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated July 12, 2013, indicating that, "The documentation provided for your motorcycle accident which took place on 18 June 2009, in Georgia did not indicate that you met the TSGLI standards for loss of Activities of Daily Living (ADLs). The medical documentation you submitted did not indicate that your injuries rendered you incapable of performing the ADLs of bathing and dressing that are covered by TSGLI standards for 30 consecutive days or greater."

28.   Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated November 25, 2013, indicating that, "The documentation provided for your event which took place on 18 June 2009, in Georgia did not indicate that you met the TSGLI standards for loss of Activities of Daily Living (ADLs). The medical documentation you submitted did not indicate that your injuries rendered you incapable of performing the ADLs of bathing, continence, dressing, eating, toileting, or transferring that are covered by TSGLI standards for 30 consecutive days or greater. If the Soldier is able to perform the activity by the

use of accommodating equipment/adaptive measures (such as cane, crutches, wheelchair, etc.), then the Soldier is considered able to independently perform the activity."

29.     Plaintiff appealed his claim to Defendant through the Army Board for Correction of Military Records. In a letter dated June 29, 2016, Defendant again denied Plaintiff's claim on the basis that, "The evidence presented does not demonstrate the existence for a probable error or injustice. Therefore, the Board determined the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned."

30.     Plaintiff subsequently exhausted the administrative appeals available to him, with a denial at each level of appeal.

31.     Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

32.     Further, in this case Defendant's denial of Plaintiff's claim is contrary to the preponderance of the evidence, and is otherwise unsupported by substantial evidence.

33.     Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records. Defendant also ignored the caregiver statements which corroborated Plaintiff's ADL loss claim.

34.     Defendant's decision is not evidence-based, rather it is arbitrary, and capricious, and contrary to the law. The preponderance of the evidence supports Plaintiff's claim for TSGLI benefits.

35.     Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $100,000 for his inability to safely bathe and dress for a period of over 120 days without assistance.

36.     Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

37.     Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

38.     All allegations contained in the previous paragraphs are incorporated herein by reference.

39.     Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

    a.     failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

    b.     failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

    c.     inclusion of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    a.     an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit

eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay or timely compliance with the Court's order;

      b.     an award of interest, costs and attorneys' fees as provided by statute;

      c.     an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

      d.     such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 31, 2017

Jake R. Jagdfeld (#MN0002)
(MN License #0388549)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jjagdfeld@johnsonbecker.com
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff